**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUDITH ALMENDARIZ, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04906 |
| Plaintiff, | Judge Joan B. Gottschall |
| v. | |
| ONESPAN INC., SCOTT CLEMENTS, and MARK S. HOYT, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF KOLBJORN KRISTIANSEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ......................................................................................... 1

II. FACTUAL BACKGROUND.......................................................................................... 2

III. ARGUMENT.................................................................................................................. 3

      A. Movant Should be Appointed Lead Plaintiff............................................................ 3

            1. Movant Filed a Timely Motion................................................................... 4

            2. Movant Has the Largest Financial Interest ................................................. 5

            3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................................... 5

                 a) Movant's Claims Are Typical........................................................... 6

                 b) Movant Is An Adequate Representative ......................................... 7

      B. The Court Should Approve Lead Plaintiff's Choice of Counsel ............................ 7

IV. CONCLUSION.............................................................................................................. 7

i

## TABLE OF AUTHORITIES

CASES

*Chandler v. Ulta Beauty, Inc.*,
No. 2018 WL 3141763 (N.D. Ill. June 26, 2018) ......................................................................... 6

*De La Fuente v. Stokely-Van Cap, Inc.*,
713 F.2d 225 (7th Cir. 1983) ......................................................................................................... 6

*In re Boeing Co. Aircraft Sec. Litig.*,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ................................................................................ 4

*In re Groupon Sec. Litig.*,
2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ................................................................................ 6

*Maiden v. Merge Techs., Inc.*,
2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) .............................................................................. 4

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................... 7

STATUTES

15 U.S.C. §78u-4(a)(3)(B) ....................................................................................................... *passim*

Kolbjorn Kristiansen ("Kristiansen" or "Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired OneSpan Inc. ("OneSpan" or the "Company") securities between May 9, 2018 and August 11, 2020, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of Glancy Prongay & Murray LLP as lead counsel and Miller Law LLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND

OneSpan designs, develops, and markets digital solutions for identity, security, and business productivity worldwide.

On August 4, 2020, before the market opened, OneSpan postponed the release of its second quarter 2020 earnings due to revenue recognition problems related to certain software license contracts between first quarter 2018 and first quarter 2020. The Company stated that "[t]he net contract assets that originated from a portion of these contracts in prior period were not properly accounted for in subsequent periods, which caused overstatements of revenue."

On this news, the Company's share price fell $0.46, or 1.40%, to close at $32.50 per share on August 4, 2020.

Then, on August 11, 2020, after the market closed, OneSpan stated that it would not timely file its quarterly report for the period ended June 30, 2020. The Company also disclosed that revenu declined year-over-year and withdrew its full year 2020 earnings guidance

On this news, the Company's share price fell $12.36 per share, or 39.62%, to close at $18.84 per share on August 12, 2020.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that OneSpan had inadequate disclosure controls and procedures and internal control over financial reporting; (2) that, as a result, OneSpan overstated its revenue relating to certain

contracts with customers involving software licenses in its financial statements spread out over the quarters from the first quarter of 2018 to the first quarter of 2020; (3) that, as a result, it was foreseeable likely that the Company would eventually have to delay one or more scheduled earnings releases, conference calls, and/or financial filings with the SEC; (4) that OneSpan downplayed the negative impacts of errors in its financial statements; (5) that, all of the foregoing, once revealed, was foreseeably likely to have a material negative impact on the Company's financial results and reputation; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.    ARGUMENT

### A.    Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead

plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the

presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all

of the PSLRA's requirements for appointment as lead plaintiff. Movant has, to the best of his

knowledge, the largest financial interest in this litigation and meets the relevant requirements of

Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses

Defendants could raise against him that would render him inadequate to represent the Class.

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *In re*

*Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15,

2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D.

Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the

adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead

plaintiff status.").

### 1. Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. On August 20,

2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection

with this action. *See* Motion, Exhibit. A. Therefore, Movant had sixty days (until October 19,

2020) to file a motion to be appointed as lead plaintiff. As a purchaser of OneSpan securities

during the Class Period, Movant is a member of the proposed class and has timely filed a motion

for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in the attached certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Motion, Exhibit. B. Accordingly Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movant purchased OneSpan securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Motion, Exhibit. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a) Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning OneSpan's business, operations, and financial prospects violated the federal securities laws. Movant, like all members of the Class, purchased OneSpan securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

6

### b) Movant Is An Adequate Representative

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff and his counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Motion, Exhibit C. Movant is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Movant is well-equipped to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

### IV. CONCLUSION

For the foregoing reasons, Kolbjorn Kristiansen respectfully requests that the Court grant his Motion and enter an Order (1) appointing Movant as Lead Plaintiff; (2) approving Movant's

7

selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison

Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED: October 19, 2020

Respectfully submitted,

By: ___/s/ Marvin A. Miller___
Marvin A. Miller
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com

*Proposed Liaison Counsel for the Class*

Robert V. Prongay
Charles H. Linehan
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
clinehan@glancylaw.com

*Counsel for Movant and Proposed Lead
Counsel for the Class*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, I caused a true and correct copy of the foregoing ***Memorandum of Law in Support of Motion of Kolbjorn Kristiansen for Appointment as Lead Plaintiff and Approval of Counsel*** to be served on all counsel of record *via* filing electronically on the Court's CM/ECF system.

<u>/s/ *Marvin A. Miller*</u>

9