UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JUDITH ALMENDARIZ, Individually and On Behalf Of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ONESPAN INC., SCOTT CLEMENTS, and MARK S. HOYT,<br><br>Defendants. | No. 1:20-cv-04906<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MICHAEL PALADINO FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**<br><br>Honorable Joan B. Gottschall |

010947-11/1361944 V2

## I.   PRELIMINARY STATEMENT

This is a federal securities class action alleging that OneSpan Inc. ("OneSpan" or the "Company") and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the action alleges that from May 9, 2018, to August 11, 2020, Defendants misled investors by overstating OneSpan's revenue derived from customer contracts for software licenses. The action further alleges that OneSpan had, at all relevant times, inadequate internal controls and procedures over financial reporting. OneSpan investors, including Movant Michael Paladino ("Paladino" or "Movant"), incurred significant losses when OneSpan disclosed the truth of its overstated revenues.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that the Movant is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Paladino is the "most adequate plaintiff" by virtue of, among other things, the $122,120.52 in losses Paladino incurred on Movant's purchases of 10,000 shares of OneSpan common stock during the Class Period.

In addition to asserting the largest financial interest, Paladino readily satisfies the relevant requirements of Rule 23 because Paladino's claims are typical of those of all members of the Class and Paladino will fairly and adequately represent the interests of the Class. In fact, Paladino is the ideal Lead Plaintiff under the PSLRA because Paladino is a sophisticated investor with a substantial financial interest in the litigation. In addition, as set forth in greater detail in his Declaration submitted herewith, Paladino fully understands the Lead Plaintiff's obligations to

-1-

the Class under the PSLRA, and is committed to fulfilling those responsibilities to guarantee zealous prosecution of this action. *See* Kathrein Decl., Ex. A and C.[1]

Paladino has further demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors and is qualified to prosecute this action.

Based on Paladino's financial interest in the outcome of this action, Paladino's commitment to act in the best interests of the Class to maximize the recovery in this case, and his ability to oversee counsel, Movant respectfully requests that the Court appoint Paladino as Lead Plaintiff and otherwise grant Paladino's Motion.

## II. FACTUAL ALLEGATIONS

OneSpan is a Chicago, Illinois-based cybersecurity technology company. The Company designs, develops, and markets cloud-based, digital solutions for identity, security, and business productivity worldwide. *See* Almendariz Compl. ¶ 22. OneSpan offers its solutions through software service contracts with its customers.

The Complaint alleges that Defendants misled investors by overstating OneSpan's revenue derived from customer contracts for software licenses. *See* Almendariz Compl. ¶ 4. Unbeknownst to investors, OneSpan had, at all relevant times, inadequate internal controls and procedures over its financial reporting, which caused OneSpan to overstate its revenues. *Id.*

On August 4, 2020, OneSpan postponed its second quarter (Q2) 2020 earnings release and conference call by one week, blaming the delay on prior period revenue recognition problems relating to certain software license contracts. Almendariz Compl. ¶ 68. OneSpan and

---

[1] References to the "Kathrein Decl., Ex. __" are to the exhibits attached to the Declaration of Reed R. Kathrein, submitted herewith.

010947-11/1361944 V2

senior management explained "[t]he net contract assets that originated from a portion of these assets in prior periods were not properly accounted for in subsequent periods, which caused overstatements of revenue." *Id.*

Then, on August 11, 2020, during after market hours, OneSpan (1) announced it would not timely file its Q2 2020 financial statements on Form 10Q with the SEC, (2) revealed that revenue recognition problems stretched from Q1 2018 through Q1 2019, (3) reported that same quarter year-over-year revenues had declined, and (4) withdrew its full year 2020 earnings guidance. As a result of these disclosures, the price of OneSpan's common shares declined by nearly 40% (closing at $18.84 per share) on unusually high trading volume. Almendariz Compl. ¶ 72.

## III. ARGUMENT

### A. Paladino Is The Most Adequate Plaintiff.

Paladino should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA governs the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227 (N.D. Ill. 2002). As set forth below, Paladino is the "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

#### 1. Paladino's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, notice of pendency was published on *PR Newswire* on August 20, 2020, thereby establishing the deadline to move for appointment of

-3-

lead plaintiff on or before October 19, 2020. *See* Kathrein Decl., Ex. D. Accordingly, Paladino has timely moved for appointment as Lead Plaintiff through the filing of this Motion.

**2.      Paladino Has the Largest Financial Interest in the Relief Sought by the Class And Is Therefore Presumptively the Most Adequate Plaintiff.**

Paladino is entitled to be appointed Lead Plaintiff because he has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(bb); *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *2 (N.D. Ill. Jun. 26, 2018). Paladino incurred losses of $122,120.52 on his Class Period purchases of 10,000 OneSpan common stock shares and expenditure of $310,820.52. *See* Kathrein Decl., Ex. B. To the best of Paladino's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, Paladino has the largest known financial interest in this class action.

**3.      Paladino Satisfies the Requirements of Federal Rule of Civil Procedure 23.**

In addition to possessing the largest financial interest in the outcome of the litigation, Paladino satisfies the requirements of rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *2 (N.D. Ill. Jun. 26, 2018). On a motion to serve as Lead Plaintiff, courts focus only on the typicality and adequacy requirements of Rule 23. *Johnson*, 214 F.R.D. at 228 ("In selecting the lead plaintiff under the PSLRA…, typicality and adequacy of representation are the only relevant considerations."); *accord In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012).

Paladino's claims are typical of the claims of other purchasers of OneSpan stock. Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to

-4-

claims of other class members, and when the claims are based on the same legal theory. *In re Boeing Company Aircraft Sec. Litig.*, 2019 WL 6052399, at \*10 (N.D. Ill. Nov. 15, 2019) ("Typicality required of lead plaintiffs necessitates only that 'the defendants committed the same wrongful acts in the same manner against all members of the class.'") (citation omitted); *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at \*3 (N.D. Ill. Aug. 28, 2012); *see also Johnson*, 214 F.R.D. at 228 ("Under Rule 23(a), the plaintiff's claims are typical if they 'arise… from the same event or practice of course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory.'… The claims of the class representative need not be identical to satisfy the typicality requirement. Typicality exists, however, even if there are some factual distinctions between the claims of the named plaintiff and those of other class members.") (internal citations omitted); *see also Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (same); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (same).

Here, Paladino's claims and those of the Class arise from the same source of conduct and their legal arguments to prove Defendants' liability are substantially similar. As with all other class members, Paladino: (1) purchased OneSpan securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) was harmed when the truth was revealed. Moreover, Paladino is not subject to any unique or special defenses. Thus, Paladino meets the typicality requirement of Rule 23 because his claim is the same as the claims of the other Class members.

Paladino similarly satisfies Rule 23's adequacy requirements. Under Rule 23(a)(4), adequate representation is satisfied if: "(1) [the plaintiff's] claims are not antagonistic or in conflict with those of the class; (2) [the plaintiff] has sufficient interest in the outcome of the

-5-

case to ensure vigorous advocacy; and (3) [the plaintiff] is represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously." *Johnson*, 214 F.R.D. at 228-229; *accord In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012); *see also Rosario*, 963 F.2d at 1018 ("A class is not fairly and adequately represented if class members have antagonistic or conflicting claims.").

Here, Paladino's interest is clearly aligned with the members of the Class because his claim is identical to the claims of the Class who made long investments in OneSpan securities. There is no evidence of antagonism between Paladino's interest and those of proposed Class members. Furthermore, Paladino has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. These motivations clearly show that Paladino will adequately and vigorously pursue the interests of the Class. In addition, Paladino has selected lead counsel that is highly experienced in prosecuting securities class actions to represent himself and the Class in this action. Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursue active litigation in California's state and federal courts.

**B.      The Court Should Approve Paladino's Choice of Lead Counsel.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *2 (N.D. Ill. Jun. 26, 2018); *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *5 (N.D. Ill. Aug. 28, 2012); *Johnson*, 214 F.R.D. at 229 ("The PSLRA provides that the 'most adequate plaintiff, shall, subject to the approval of the court, select and retain counsel to represent the class[.]'") (internal citation omitted). Thus, this Court should not disturb the lead

-6-

plaintiff's choice of counsel unless necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Paladino has selected Hagens Berman to serve as lead counsel for the Class. Hagens Berman has litigated many complex securities fraud actions and has successfully prosecuted these cases on behalf of injured investors. Kathrein Decl., Ex. E.

If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Movant's selection of lead counsel.

## IV. CONCLUSION

For all of the foregoing reasons, Paladino respectfully requests that this Court: (1) appoint Movant to serve as lead plaintiff in this action; (2) approve Movant's selection of Hagens Berman as lead counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: October 19, 2020

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ *Reed Kathrein*
Reed R. Kathrein (1411489)

Reed R. Kathrein (*pro hac vice* forthcoming)
Wesley A. Wong (*pro hac vice* forthcoming)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

Jason A. Zweig (6320010)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611

010947-11/1361944 V2

-8-

Telephone: (708) 628-4949
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Michael Paladino*

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN

010947-11/1361944 V2