UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JUDITH ALMENDARIZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ONESPAN INC., et al., <br><br> Defendants. | Case No.  1:20-cv-04906 <br><br> <u>CLASS ACTION</u> <br><br> Judge Joan B. Gottschall <br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Cases\4845-1888-2254.v1-10/19/20

## I.     INTRODUCTION

This securities class action lawsuit was filed on August 20, 2020 on behalf of purchasers or acquirers of OneSpan Inc. ("OneSpan" or the "Company") securities between May 9, 2018 and August 11, 2020, both dates inclusive (the "Class Period"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Waterford Township General Employees Retirement System, an institutional investor, should be appointed Lead Plaintiff because it filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Retirement System's selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Headquartered in Chicago, Illinois, OneSpan, together with its subsidiaries, designs, develops, and markets digital solutions for identity, security, and business productivity worldwide.

The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose that: (i) OneSpan had inadequate disclosure controls and procedures and internal control over financial reporting; (ii) thus, OneSpan overstated its revenue relating to certain contracts with customers involving software licenses in its financial statements spread out over the quarters from the first quarter of 2018 to the first quarter of 2020; (iii) as a result, it was foreseeably likely that the Company would eventually have to delay one or more scheduled earnings releases, conference calls, and/or financial filings with the U.S. Securities and

- 1 -

Exchange Commission ("SEC"); (iv) OneSpan downplayed the negative impacts of errors in its financial statements; (v) all the foregoing, once revealed, was foreseeably likely to have a material negative impact on the Company's financial results and reputation; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

On August 4, 2020, OneSpan postponed its second quarter 2020 earnings release and conference call by one week, attributing the delay to prior period revenue recognition problems relating to certain software license contracts spread out over the quarters from the first quarter of 2018 to the first quarter of 2020. OneSpan further stated that "[t]he net contract assets that originated from a portion of these contracts in prior periods were not properly accounted for in subsequent periods, which caused overstatements of revenue." ECF No. 1 at ¶5. On this news, OneSpan's common share price fell.

Then, on August 11, 2020, OneSpan disclosed that it would not timely file its quarterly report for the quarter ended June 30, 2020 with the SEC; reported that same quarter year-over-year revenues had declined; and withdrew its full year 2020 earnings guidance, which the Company had affirmed one quarter earlier. On this news, OneSpan's common share price fell by nearly 40%, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of OneSpan's securities, the Retirement System and other class members have suffered significant losses and damages.

III.    ARGUMENT

A.    The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than

- 2 -

Cases\4845-1888-2254.v1-10/19/20

20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 20, 2020 via *PRNewswire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Retirement System meets these requirements and should therefore be appointed Lead Plaintiff.

### 1.     The Motion Is Timely

The August 20th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by October 19, 2020. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because the Retirement System's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2.     The Retirement System Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and the accompanying loss chart, the Retirement System purchased 1,910 shares of OneSpan during the Class Period and suffered approximately $17,052 in losses as a result of defendants' alleged misconduct. *See* Motion, Exs. B, C. To the best of its

- 3 -

Cases\4845-1888-2254.v1-10/19/20

counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Retirement System Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).  Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy.  *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019).  "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'"  *Id.* (citation omitted).  "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'"  *Id.* (citation omitted).

The Retirement System satisfies both requirements.  Indeed, its claims are typical of – if not identical to – the claims of the class as a whole.  Like the purported class members, the Retirement System claims to have sustained losses from defendants' misrepresentations and inflations of stock value, and these claims arise under the same theory that defendants' course of conduct violated federal securities laws.  Based in Michigan, the Retirement System is a defined benefit plan providing benefits for current and former Waterford Township employees with approximately $60 million in assets under management.  The Retirement System, an institutional investor with prior

- 4 -

experience serving as lead plaintiff, is aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake these responsibilities on behalf of the class. *Mortimer*, 2019 WL 3252221, at *2 ("'[t]he largest financial interest provision [of the PSLRA] seeks to increase the likelihood that institutional investors will serve as lead plaintiffs'") (citation omitted).

In addition, the Retirement System has suffered significant losses on its investment in OneSpan securities during the Class Period and is therefore motivated to diligently pursue the putative class's claims. *See* Motion, Exs. B, C. Moreover, the Retirement System has no conflict of interest between its claims and those of the putative class and is not subject to any unique defenses. Finally, as set forth in more detail below, the Retirement System has retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions.

Because the Retirement System filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

**B.      The Court Should Approve the Retirement System's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Retirement System has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in

- 5 -

complex securities litigation.[1]  Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  *See, e.g.*, *Roth v. OfficeMax Inc.*, No. 1:05-cv-00236, ECF No. 52 (N.D. Ill. June 9, 2005) (Gottschall, J.) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Mortimer*, 2019 WL 3252221, at *2 (same).

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class.  The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case.  Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux.  They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class."  *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016).  Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity."  *Id.*

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

As a result, the putative class's interests in this case will be well represented if the Court approves the Retirement System's selection of Robbins Geller as Lead Counsel.

## IV. CONCLUSION

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Retirement System respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED: October 19, 2020                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ


               s/ Danielle S. Myers
             DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

---

[2]     *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN (IL Bar # 6329016)200
South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 8 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 19, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

Case: 1:20-cv-04906 Document #: 17 Filed: 10/19/20 Page 11 of 11 PageID #:222

# Mailing Information for a Case 1:20-cv-04906 Almendariz v. OneSpan Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Reed R Kathrein**
  reed@hbsslaw.com,danielles@hbsslaw.com,lisal@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)