UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH ALMENDARIZ, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.  1:20-cv-04906 |
| Plaintiff, | CLASS ACTION |
| v. | |
| ONESPAN INC., SCOTT CLEMENTS, and MARK S. HOYT, | Hon. Joan B. Gottschall |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
FLAVIO A. LEMOS AND GIOVANNI FICARA FOR APPOINTMENT AS
CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

I.     LEMOS AND FICARA SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ............. 4

      A.     Lemos and Ficara Are Willing to Serve as Class Representatives ......................... 5

      B.     Lemos and Ficara Have the "Largest Financial Interest" in the Action ................. 5

      C.     Lemos and Ficara Otherwise Satisfy the Requirements of Rule 23 ....................... 6

II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED..... 8

CONCLUSION...................................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arreola v. Godinez,*
546 F.3d 788 (7th Cir. 2008) ...........................................................................................7

*Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.,*
No. 12 C 3297, 2012 WL 5471110, 2012 U.S. Dist. LEXIS 161441 (N.D. Ill.
Nov. 9, 2012) ...................................................................................................................7

*Chandler v. Ulta Beauty, Inc.,*
No. 18-cv-1577, 2018 WL 3141763, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill.
June 26, 2018)...............................................................................................................6, 8

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.,*
No. 11 C 8332, 2012 WL 1339678, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill.
Apr. 18, 2012)...................................................................................................................8

*Gumm v. Molinaroli,*
No. 16-CV-1093-PP, 2016 WL 6680462, 2016 U.S. Dist. LEXIS 157155
(E.D. Wis. Nov. 14, 2016) ...............................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.,*
233 F.R.D. 147 (D. Del. 2005) ........................................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.,*
182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................................7

*Kaplan v. Gelfond,*
240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.,*
311 F.R.D. 373 (S.D.N.Y. 2015) .....................................................................................9

*Lax v. First Merchants Acceptance Corp.,*
Nos. 97 C 2715 *et al.*, 1997 WL 461036, 1997 U.S. Dist. LEXIS 11866 (N.D.
Ill. Aug. 6, 1997)...........................................................................................................5, 7

*Maiden v. Merge Techs., Inc.,*
Nos. 06-C-349, 2006 WL 3404777, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis.
Nov. 21, 2006) .................................................................................................................9

*Menaldi v. Och-Ziff Capital Management Group LLC,*
1:14-cv-03251 (S.D.N.Y.) ...............................................................................................9

ii

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005)..............................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).....................................................................................9

**Statutes**

15 U.S.C. § 78j(b)........................................................................................................................1

15 U.S.C. § 78u-4(a)(3) ...........................................................................1, 2, 4, 5, 6, 8, 9

**Rules**

Fed. R. Civ. P. 23.......................................................................................2, 3, 4, 5, 6, 7, 8

**Other Authorities**

17 C.F.R. § 240.10b-5.................................................................................................................1

iii

Flavio A. Lemos and Giovanni Ficara (together, "Lemos and Ficara") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Lemos and Ficara as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired OneSpan Inc. ("OneSpan" or the "Company") securities between May 9, 2018 and August 11, 2020, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen") as Co-Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The initial complaint in the above-captioned action ("Action") alleges a significant fraud perpetrated on the investors in OneSpan during the Class Period. Specifically, it is alleged that, during the Class Period, Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and United States ("U.S.") Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting OneSpan's business and operations, specifically regarding the inadequacy of OneSpan's disclosure controls and procedures and internal control over financial reporting. *See Almendariz v. OneSpan Inc. et al*, 1:20-cv-04906, Dkt. No. 1 ("Complaint") ¶¶ 1-9. OneSpan investors, including Lemos and Ficara, incurred significant losses resulting from the revelation of the foregoing misconduct through corrective disclosures between August 4, 2020, and August 11, 2020, revealing, *inter alia*, that OneSpan was postponing its second quarter 2020 earnings release and conference call because of revenue recognition problems, and that the Company could not timely file its quarterly report for the quarter ended June 30, 2020.

1

Pursuant to the PSLRA, the Court is to appoint as lead plaintiffs the movants that possess the largest financial interest in the outcome of the Action and that satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Lemos and Ficara, with losses of approximately $2,559 in connection with their Class Period purchases of OneSpan securities, believe that they have the largest financial interest in the relief sought in this Action. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

Beyond their considerable financial interest, Lemos and Ficara also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their responsibilities as lead plaintiffs and vigorously prosecute this Action on behalf of the Class, Lemos and Ficara have selected Pomerantz and Rosen as Co-Lead Counsel for the Class. Pomerantz and Rosen are both highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities fraud class actions on behalf of investors, as detailed in each firm's respective resume.

Accordingly, based on their significant financial interest and their commitment to overseeing this litigation, Lemos and Ficara respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz and Rosen as Co-Lead Counsel for the Class.

### STATEMENT OF FACTS

As alleged in the Complaint, OneSpan was founded in 1991 and is headquartered in Chicago, Illinois. The Company was formerly known as VASCO Data Security International, Inc. and changed its name to OneSpan Inc. in May 2018. Complaint ¶ 2.

OneSpan, together with its subsidiaries, designs, develops, and markets digital solutions for identity, security, and business productivity worldwide. *Id.* ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) OneSpan had inadequate disclosure controls and procedures and internal control over financial reporting; (ii) as a result, OneSpan overstated its revenue relating to certain contracts with customers involving software licenses in its financial statements spread out over the quarters from the first quarter of 2018 to the first quarter of 2020; (iii) as a result, it was foreseeably likely that the Company would eventually have to delay one or more scheduled earnings releases, conference calls, and/or financial filings with the SEC; (iv) OneSpan downplayed the negative impacts of errors in its financial statements; (v) all the foregoing, once revealed, was foreseeably likely to have a material negative impact on the Company's financial results and reputation; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On August 4, 2020, during pre-market hours, OneSpan postponed its second quarter 2020 earnings release and conference call by one week, attributing the delay to prior period revenue recognition problems relating to certain software license contracts spread out over the quarters from the first quarter of 2018 to the first quarter of 2020. *Id.* ¶ 5. OneSpan further stated that "[t]he net contract assets that originated from a portion of these contracts in prior periods were not properly accounted for in subsequent periods, which caused overstatements of revenue." *Id.*

On this news, OneSpan's common share price fell $0.46 per share, or 1.4%, to close at $32.50 per share on August 4, 2020. *Id.* ¶ 6.

3

Then, on August 11, 2020, during after-market hours, OneSpan disclosed that it would not timely file its quarterly report for the quarter ended June 30, 2020, with the SEC; reported that same quarter year-over-year revenues had declined; and withdrew its full year 2020 earnings guidance, which the Company had affirmed one quarter earlier. *Id.* ¶ 7.

On this news, OneSpan's common share price fell $12.36 per share, or 39.62%, to close at $18.84 per share on August 12, 2020. *Id.* ¶ 8.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Lemos and Ficara, and other Class members, have suffered significant losses and damages. *See id.* ¶ 9.

## ARGUMENT

### I. LEMOS AND FICARA SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Lemos and Ficara should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Action and otherwise strongly satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Lemos and Ficara satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

**A.      Lemos and Ficara Are Willing to Serve as Class Representatives**

On August 20, 2020, this Action was filed.  That same day, Pomerantz, counsel for the plaintiff in the Action, caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that litigation had been filed against Defendants and which advised investors in OneSpan securities that they had until October 19, 2020—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff in the securities litigation against OneSpan and the other Defendants.  *See* Lieberman Decl., Ex. B. Lemos and Ficara have filed the instant motion pursuant to the Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Lemos and Ficara satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

**B.      Lemos and Ficara Have the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Lemos and Ficara have the largest financial interest of any OneSpan investors seeking to serve as Lead Plaintiffs. For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First*

5

*Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 WL 461036, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).

During the Class Period, Lemos and Ficara: (1) purchased 617 shares of OneSpan securities; (2) expended $15,949 on these purchases; (3) retained all of their shares of OneSpan securities; and (4) incurred losses of approximately $2,559 in connection with their transactions in OneSpan securities during the Class Period. *See* Lieberman Decl., Ex. A. To the extent that Lemos and Ficara possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C.      Lemos and Ficara Otherwise Satisfy the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).

In making its determination that lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See, e.g.*, *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, 2018

6

U.S. Dist. LEXIS 107340, at *13 (N.D. Ill. June 26, 2018) (finding movant "has satisfied its burden by making a preliminary showing that it satisfies the requirements of Rule 23"); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "in the context of motions for lead plaintiff inquiries, courts . . . do not engage in a 'wide-ranging analysis under Rule 23,' and generally focus on only typicality and adequacy." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 WL 6680462, 2016 U.S. Dist. LEXIS 157155, at *14 (E.D. Wis. Nov. 14, 2016) (quoting *Lax*, 1997 WL 461036, U.S. Dist. LEXIS 11866, at *6); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").

The typicality requirement of Rule 23(a)(3) requires that "'[a] claim . . . arises from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory.'" *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 WL 5471110, 2012 U.S. Dist. LEXIS 161441, at *15-*16 (N.D. Ill. Nov. 9, 2012) (quoting *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)). "A lead plaintiff meets the typicality requirements if its claims or defenses are typical of the claims or defenses of the class." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 23(a)(3)).

Lemos and Ficara's claims are typical of those of the Class. Lemos and Ficara allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning OneSpan. Lemos and Ficara, as did all members of the Class,

7

purchased OneSpan securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove OneSpan's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"A lead plaintiff meets the adequacy requirement [of Rule 23(a)(4)] if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Chandler*, 2018 WL 3141763, 2018 U.S. Dist. LEXIS 107340, at *14 (quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678, 2012 U.S. Dist. LEXIS 54081, at *25 (N.D. Ill. Apr. 18, 2012)).

As set forth in greater detail below, in Pomerantz and Rosen, Lemos and Ficara have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and Rosen to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Lemos and Ficara's interests and the interests of the Class. Lemos and Ficara have submitted signed Certifications declaring their commitment to protecting the interests of the Class (*see* Lieberman Decl., Ex. C). In addition, the significant losses incurred by Lemos and Ficara demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

## II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead

plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden v. Merge Techs., Inc.*, Nos. 06-C-349, 2006 WL 3404777, 2006 U.S. Dist. LEXIS 85635, at \*14 (E.D. Wis. Nov. 21, 2006); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Lemos and Ficara have selected Pomerantz and Rosen as Co-Lead Counsel for the Class. The firms have been actively researching Lemos and Ficara's and the Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Koopman v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199 (S.D.N.Y.) ($110 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251 (S.D.N.Y.) ($29 million settlement); and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement), and are experienced in the area of securities litigation and class actions, having been appointed as lead and co-lead counsel in securities class actions in this District and in other courts throughout the nation. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. The firms' resumes are attached as Exhibits D and E hereto. *See* Lieberman Decl. Exs. D & E.

Lemos and Ficara respectfully submit that appointment of Pomerantz and Rosen as Co-Lead Counsel in this Action is appropriate and in the best interests of the Class. Pomerantz's and

Rosen's attorneys include counsel admitted to practice in Illinois and/or before this Court. Additionally, Pomerantz maintains an office in Chicago, Illinois. Furthermore, OneSpan is a well-capitalized corporation, and the appointment of Pomerantz and Rosen as Co-Lead Counsel would give the Class the benefit of their shared resources, experience, and expertise.

Lemos and Ficara's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Lemos and Ficara's selection of Pomerantz and Rosen as Co-Lead Counsel, the members of the Class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Lemos and Ficara respectfully request that the Court issue an Order: (1) appointing Lemos and Ficara as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz and Rosen as Co-Lead Counsel for the Class.

Dated: October 19, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com

*Counsel for Lead Plaintiff Movants*
*Flavio A. Lemos and Giovanni Ficara*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
8240 Beverly Blvd., Suite 9
Los Angeles, California 90048
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff Movant*
*Giovanni Ficara*

11