UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JUDITH ALMENDARIZ, Individually and On Behalf Of All Other Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ONESPAN INC., SCOTT CLEMENTS, and MARK S. HOYT,<br><br>    Defendants. | No. 1:20-cv-04906<br><br>CLASS ACTION<br><br>**MICHAEL PALADINO'S RESPONSE IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**<br><br>Honorable Joan B. Gottschall |

010947-11/1364997 V2

-i-

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .......................................................................................................3

    A. Mr. Paladino Is the Most Adequate Plaintiff. ...........................................3

        1. Mr. Paladino Has the Largest Financial Interest in the Relief Sought By the Class. ..........................................................3

        2. Mr. Paladino Satisfies the Requirements of Rule 23. .................4

    B. Mr. Paladino Selected Well-Qualified Lead Counsel To Represent The Class................................................................................................5

III. CONCLUSION.....................................................................................................5

-i-

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Boeing Co. Aircraft Sec. Litig.*,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ...........................................................................1

*Chandler v. Ulta Beauty, Inc.*,
2018 WL 3141763 (N.D. Ill. Jun. 26, 2018)................................................................1, 3, 4, 5

*City of Sterling Heights Gen. Emps. Ret. Sys. v. Hospira, Inc.*,
2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ........................................................................3, 4

*In re Groupon, Inc. Sec. Litig.*,
2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) .......................................................................2, 3

*Lax v. First Merch. Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .......................................................................1, 3, 4

### STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..............................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..........................................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................................5

### OTHER AUTHORITIES

Rule 23 ...................................................................................................................................1, 3, 4

Rule 23(a)..................................................................................................................................2, 4

010947-11/1364997 V2

## I.     INTRODUCTION

Four motions for appointment as lead plaintiff were filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). But only one movant, Michael Paladino ("Mr. Paladino" or "Movant"), has shown that he is "the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

*First*, Mr. Paladino's motion is timely and he claims the greatest financial loss resulting from OneSpan's alleged securities fraud, totaling $122,120.52. *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *2-3 (N.D. Ill. Jun. 26, 2018) ("the approximate losses suffered" is the most critical factor in determining the largest financial interest among movants seeking lead plaintiff designation pursuant to the PLSRA).



*Second*, Mr. Paladino has made a preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. Mr. Paladino's claims are typical because, "[t]ypicality require[s]… only that 'the [OneSpan] defendants committed the same wrongful acts in the same manner against all members of the class[,]' [including Mr. Paladino]." *Boeing Co. Aircraft Sec.*

-1-

010947-11/1364997 V2

-2-

*Litig.*, 2019 WL 6052399, at *10 (N.D. Ill. Nov. 15, 2019) (internal citation omitted). Here, "there is no dispute that [Mr. Paladino's] claims are based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of other class members. [Mr. Paladino] purchased [OneSpan] securities during the class period, paid prices… inflated because of the claimed false and misleading statements by [the OneSpan] defendants, and thereby… suffered damages. As such, [Mr. Paladino] meets the typicality requirement of Rule 23(a)." *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (internal citation omitted). Mr. Paladino also satisfies Rule 23(a)'s adequacy requirement. There is "no evidence… to suggest that [Mr. Paladino's] interest is in conflict with those of the purported class. Further, given his alleged loss, [Mr. Paladino] has a substantial interest in the outcome of this case. Finally,… [Mr. Paladino] is represented by competent, experienced counsel." *Id.*

Having satisfied these two steps, Mr. Paladino is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Mr. Paladino will not fairly and adequately protect the interests of the Class, or that Mr. Paladino is subject to unique defenses that would render him incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). But there are no facts, let alone any "proof," suggesting that Mr. Paladino is somehow unfit to represent the Class. To the contrary, the record reflects Mr. Paladino is qualified to lead the prosecution of this case.

Accordingly, the Court should appoint Mr. Paladino Lead Plaintiff, and approve his choice of counsel.

010947-11/1364997 V2

## II.    ARGUMENT

### A.    Mr. Paladino Is the Most Adequate Plaintiff.

The PSLRA creates a presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a "preliminary showing" that it satisfies Rule 23's typicality and adequacy requirements. *In re Groupon, Inc.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) ("A lead plaintiff must… make a preliminary showing that it satisfies [the] typicality and adequacy requirements of Rule 23.") (citing *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) ("In selecting the lead plaintiff under the PSLRA… typicality and adequacy of representation are the only relevant considerations.")).

### 1.    Mr. Paladino Has the Largest Financial Interest in the Relief Sought By the Class.

Though the PSLRA offers no guidance as to how to measure which proposed plaintiff has the "largest financial interest," courts in this District overwhelmingly rely on the factors derived from *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) to evaluate who has the greatest financial interest. *See e.g., City of Sterling Heights Gen. Emps. Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *4 (N.D. Ill. Apr. 18, 2012); *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *2 (N.D. Ill. Jun. 26, 2018). The *Lax* factors include:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Hospira*, 2012 WL 1339678, at *4. Courts "agree that [the] fourth factor – the approximate losses suffered – is the most salient factor in assessing the lead plaintiff." *Id.*

-3-

As set forth in the table below, under *Lax*, Mr. Paladino has the largest financial interest. Indeed, Mr. Paladino's estimated losses – the most important factor – are multiples larger than the losses claimed by every other lead plaintiff movant. Therefore, Mr. Paladino has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

| Movant | No. of Shares Purchased | Net Shares Purchased | Total Net Funds Expended | Estimated Losses |
|---|---|---|---|---|
| Michael Paladino | 10,000 | 10,000 | $310,820.52 | $122,120.52 |
| Waterford Twp. Gen. Emps. Ret. Sys. | 1,910 | 1,910 | $58,623.63 | $17,052.48 |
| Flavio A. Lemos Giovanni Ficara | 617 | 617 | $15,949 | $2,559.00 |
| Kolbjorn Kristiansen | 138 | 0 | $4,355.33 | $1,533.23 |

### 2. Mr. Paladino Satisfies the Requirements of Rule 23.

In addition to possessing the largest financial interest in the relief sought by the Class, Movant also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in his moving papers, Mr. Paladino is a typical class representative. *See* ECF No. 13. *See Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *5 (N.D. Ill. Jun. 26, 2018) ("Here, for purposes of selecting the lead plaintiff, the Hurlbut Group's claims are based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of the other class members in this case. As such, it meets the typicality requirement of Rule 23(a).") (citing *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002)).

Mr. Paladino similarly satisfies Rule 23's adequacy requirement. Given his background and substantial financial losses, Mr. Paladino, a senior executive of an insurance company and a sophisticated investor, has the ability and incentive to pursue the asserted claims vigorously. *See* Decl. of Micahel Paladino, ¶ 2 (Ex. C to ECF No. 14). To that end, Mr. Paladino has retained competent and experienced counsel. *See* ECF No. 13 at pp. 6-7. Finally, no conflicts exist

-4-

between Mr. Paladino and the other putative class members. To the contrary, Mr. Paladino's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. *See Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *5 (N.D. Ill. Jun. 26, 2018) ("There is no indication that [Movant's] claims conflict with those of the class. Given [Movant's] alleged losses, [Movant] has a substantial interest in the outcome of this case. Finally, [Movant] is represented by competent, experienced counsel.").

To overcome the strong presumption of appointing Mr. Paladino as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, no such proof exists in this case and there can be no credible arguments to the contrary.

**B.      Mr. Paladino Selected Well-Qualified Lead Counsel To Represent The Class.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hagens Berman is a leading securities class action law firm and has an established track record obtaining successful recoveries for investors in securities class actions. *See* ECF No. 13 at pp. 6-7. Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

### III.    CONCLUSION

For the reasons discussed above, Mr. Paladino requests that the Court appoint him Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the Class.

Dated: October 29, 2020

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Reed R. Kathrein*
Reed R. Kathrein (1411489)

Lucas E. Gilmore (admitted *pro hac vice*)
Wesley A. Wong (*pro hac vice* forthcoming)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

Jason A. Zweig (6320010)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL  60611
Telephone: (708) 628-4949
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

Steve W. Berman (3126833)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Michael Paladino*

-6-

010947-11/1364997 V2

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN

010947-11/1364997 V2