UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH ALMENDARIZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ONESPAN INC., SCOTT CLEMENTS, and MARK S. HOYT,<br><br>Defendants. | Civil Action No.: 1:20-cv-04906<br><br>CLASS ACTION<br><br>Hon. Joan B. Gottschall |

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
PURSUANT TO FED. R. CIV. P. 41(a)(1)**

PLEASE TAKE NOTICE that Lead Plaintiff Michael Paladino ("Lead Plaintiff"), through his undersigned counsel of record, hereby voluntarily dismisses the action, without prejudice, pursuant to Fed. R. Civ. P 41(a)(1), as follows:

WHEREAS, this action for violations of the Securities Exchange Act of 1934 was filed on August 20, 2020;

WHEREAS, Defendants have neither answered nor moved for summary judgment and no class certification motion has been filed;

WHEREAS, the action was filed as a putative class action but has not been certified as such;

WHEREAS, pursuant to the Court's Order dated November 16, 2020 ("November 16 Order"), the Court appointed Michael Paladino as Lead Plaintiff and the undersigned plaintiff's counsel as Lead Counsel for Lead Plaintiff, pursuant to the Securities Act of 1934, 15 U.S.C. §

1

78u-4 *et seq.*, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* ECF No. 32.

WHEREAS, consistent with the powers vested in them through the November 16 Order and the PSLRA, in contemplation of filing an amended complaint, Lead Counsel, on behalf of Lead Plaintiff, conducted an independent investigation of Lead Plaintiffs' claims, including from the following sources: (i) OneSpan Inc.'s ("OneSpan" or the "Company") public filings with the SEC; (ii) research reports from securities and financial analysts; (iii) Company press releases and reports; (iv) Company website and marketing materials; (v) news and media reports concerning the Company and other facts related to this action; (vi) price and volume data for OneSpan securities; (vii) consultation with retained consultants; (viii) accounts from former OneSpan employees; and (ix) additional materials and data concerning the Company and industry as identified herein.

WHEREAS, having completed the independent investigation, Lead Plaintiff and Lead Counsel have decided to voluntarily dismiss the Lead Plaintiff's claims, without prejudice, in lieu of filing any amended complaint;

WHEREAS, neither Lead Plaintiff nor Lead Counsel has entered into any agreement with any Defendant in connection with the voluntary dismissal;

WHEREAS, neither Lead Plaintiff nor Lead Counsel has received or will receive any consideration for dismissal;

WHEREAS, under Federal Rule of Civil Procedure 41(a)(1), Lead Plaintiff is entitled to dismiss this action on his own initiative:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . .

WHEREAS, although this case alleges putative class claims, Federal Rule of Civil Procedure 23(e) is inapplicable to the instant dismissal does not involve the claims, issues or defenses of a certified class - or a class proposed to be certified for purposes of settlement. *See e.g., Cooks v. WMC Mortgage Corp.*, No. 06-535, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) ("Because no class has been certified in this case, voluntary dismissal in this instance is governed not by Rule 23 but by Rule 41 of the Federal Rules of Civil Procedure.");

WHEREAS, no prejudice to absent putative class members will result from dismissal of the action because a class has not been certified, the dismissal will not affect their rights, and there is no imminent statute of limitations or repose deadline.

WHEREAS, Federal Rule of Civil Procedure 23(e)(1)(B) is inapplicable to the instant dismissal as none of the absent putative class members would be bound; and

WHEREAS, no notice need be sent to absent putative class members, because a class has not been certified, the case is in its infancy, the case has not been widely publicized, and no absent putative class member will be bound by the voluntary dismissal of Lead Plaintiff's claims.

THEREFORE, Lead Plaintiff hereby dismisses the action without prejudice as to Lead Plaintiff's individual claims.

Dated: March 17, 2021               Respectfully submitted,

                                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                      *s/ Reed R. Kathrein*
                                      REED R. KATHREIN

                                    Lucas E. Gilmore (admitted *Pro Hac Vice*)
                                    Danielle Smith
                                    Wesley A. Wong
                                    715 Hearst Avenue, Suite 202
                                    Berkeley, CA  94710
                                    Telephone: (510) 725-3000
                                    Facsimile:  (510) 725-3001

3

reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7297
Facsimile: (206) 623-0594

*Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN