### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Judith Almendariz, Individually and On )
Behalf of All Others Similarly Situated, )
                           )
                 Plaintiff, )
                           )     Case No.: 20-cv-4906
         v. )
                           )     Honorable Joan B. Gottschall
OneSpan Inc., et al., )
                           )
             Defendants. )

## ORDER

Named plaintiff Judith Almendariz ("Almendariz") commenced this proposed securities class action governed by the Public Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, by filing her complaint, ECF No. 1, against OneSpan Inc. ("OneSpan") and two individual defendants. In October 2020, the court received four motions under the PSLRA to be appointed lead plaintiff. *See* § 78u-4(a)(3)(B); ECF Nos. 9, 12, 16, 18. The court appointed, ECF No. 32, Michael Paladino ("Paladino") as lead plaintiff on November 16, 2020. After Paladino served defendants with Almendariz's complaint and summons, the court adopted the parties' agreed schedule, which included a February 15, 2021 deadline for Paladino to either designate an operative complaint or file an amended complaint. Agreed Order, Dec. 18, 2020, ECF No. 48. The deadline was extended by agreement to March 17, 2021. Agreed Order, Feb. 9, 2021, ECF No. 52.

That deadline came and went without anything being filed, and the court directed the parties to file a status report. Minute Entry, Mar. 18, 2021, ECF No. 53. Paladino responded by filing a notice of voluntary dismissal of his individual claims without prejudice. ECF No. 54 (Mar. 18, 2021). Paladino represents that after "having completed [an] independent

investigation, Lead Plaintiff and Lead Counsel have decided to voluntarily dismiss the Lead Plaintiff's claims, without prejudice, in lieu of filing any amended complaint." *Id.* at 2. Paladino and lead counsel also state that they have not reached any agreement with defendant and that they have received no consideration for the dismissal. *Id.*

Paladino relies on Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *Id.* at 1. Rule 41(a)(1)(A)(i) entitles a plaintiff to dismiss an action voluntarily by filing a notice of dismissal before an answer or motion for summary judgment has been filed. Since Almendariz's complaint has not been amended, it is not entirely clear that Paladino has any pending individual claims to dismiss. In litigation governed by the PSLRA, courts have analyzed a request to withdraw as lead plaintiff under Federal Rule of Civil Procedure 21 which allows the court to add or drop parties on misjoinder grounds. *See In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1157 (C.D. Cal. 2019); *Endress v. Gentiva Health Servs., Inc.*, 278 F.R.D. 78, 81 (E.D.N.Y. 2011). Based on the representations in Paladino's notice of voluntary dismissal, ECF No. 54, the court finds that he and lead class counsel no longer satisfy the PSLRA's criteria for serving in their respective roles. *See In Re Snap*, 394 F. Supp. 3d at 1158. The court therefore drops Paladino under Rule 21 as lead plaintiff and vacates the order dated November 16, 2020, appointing Hagens Berman Sobol Shapiro LLP as lead counsel. Because Paladino's individual claims have been dropped under Rule 21, his individual claims are dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1011-12 (7th Cir. 2000).

The case now lacks a lead plaintiff. "[C]ourts have the 'ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action.'" *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y. 2009) (citing *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007)). When a case

no longer has any lead plaintiff, courts "generally require at least a modified PSLRA selection process." *In re Snap*, 359 F. Supp. 3d at 1158 (quoting *Reese v. Malone*, 2015 WL 1526567, at *3 (W.D. Wash. Apr. 3, 2015)); *but see In re SLM*, 258 F.R.D. at 116-17. Although four other would-be lead plaintiffs sought appointment in October 2020, considerable time has passed, and the court has no way of knowing whether any of them remains ready, willing, and able to serve as lead plaintiff. Accordingly, in the status report due March 26, 2021, the parties are directed to submit proposals for a modified PSLRA process for appointing a new lead plaintiff.

Dated: March 19, 2021

/s/
Joan B. Gottschall
United States District Judge